**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRUCE STIPE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1535** |
| **GARY E. WESTCOTT, ET AL.** | **SECTION "M" (4)** |

**ORDER AND REASONS**

Plaintiff Bruce Stipe ("Stipe") filed a **Motion to Appoint Counsel (ECF No. 7)** to assist him in this *in forma pauperis* civil rights action under 42 U.S.C. § 1983, challenging the conditions of his confinement. In support of the motion, Stipe states that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, and that the issues involved in his case are complex. ECF No. 7 at 1.

Section 3(d) of the April 22, 2014, Resolution of the En Banc Court (permanently adopted on October 5, 2016) provides: "In cases filed by prisoners, counsel may not be appointed from the Panel until the Magistrate Judge has determined that the case should proceed beyond the screening process required in 28 U.S.C. § 1915A."

The Court is currently conducting its statutory frivolousness review of Stipe's complaint pursuant to 28 U.S.C. § 1915A, § 1915(e)(2), and 42 U.S.C. § 1997e(c), as applicable. Only after completion of the required screening process will this Court be in a position to assess whether "exceptional circumstances" [1] exist to warrant appointment of counsel in this proceeding. Therefore, at this time, Stipe's request for appointment of counsel is premature.

[1] There is no automatic right to appointment of counsel in a civil rights case so the court may not appoint counsel as a matter of course or ordinary practice. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citing *Castro Romero v. Becke*n, 256 F.3d 349, 353–54 (5th Cir.2001)); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Castro v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001). Rather, in civil rights cases, counsel should be appointed only upon a showing of "exceptional circumstances" based on a consideration of the type and complexity if the case,

In addition to the motion to appoint counsel, Stipe filed what appears to be proposed summons for the Clerk's Office to issue summons to the named defendants in this matter. ECF No. 8. As previously stated, the Court is conducting its statutory frivolousness review of Stipe's claims. Upon granting Stipe's motion for leave to proceed as a pauper, the Court ordered that service of summons be withheld. ECF No. 5. Should Stipe's claims proceed past the initial screening phase, the Court will issue summons upon the defendants via the U.S. Marshals Service in accordance with Fed. Rule Civ. Pro. 4(c)(3). In the meantime, any issuance of service upon defendants prior to the conclusion of the Court's statutory frivolousness review is premature.

Accordingly,

**IT IS ORDERED** that plaintiff Bruce Stipe's **Motion to Appoint Counsel (ECF No. 7)** is **DENIED** without prejudice as premature.

New Orleans, Louisiana, this 3rd day of September 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence. *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Romero*, 486 F.3d at 354; *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). In addition, the court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . ., shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer*, 691 F.2d at 213.